I concur with the majority opinion in this second appeal from Turner's maximum consecutive sentences ("Turner II"). I write separately, however, because the decision from Turner's first appeal, State v.Turner (Nov. 2, 2000), Cuyahoga App. No. 77429, unreported ("Turner I"), contradicts the greater weight of authority from our court and other appellate districts.
Originally, the trial court sentenced Turner to maximum consecutive sentences. In Turner I, although we found that the trial court complied with R.C. 2929.14(C) in imposing the maximum sentences, we nevertheless reversed the sentences and remanded the case with limited instructions directing the trial court to comply with R.C. 2929.14(B). In my view, the original imposition of maximum consecutive sentences should have been affirmed.
This view, which is also addressed by the dissent in Turner I, is based on a clear reading of R.C. 2929.14(B), which states:
 (B) Except as provided in division (C), (D)(1), (D)(2), (D)(3), or (G) of this section, in section 2907.02 of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others. (Emphasis added.)
Our court has expressly held that R.C. 2929.14(B) does not apply when a maximum sentence is imposed pursuant to R.C. 2929.14(C). See, e.g., Statev. Gladden (Jan. 4, 2001), Cuyahoga App. No. 76908, unreported ("[O]nce a trial court makes the requisite findings justifying a maximum term of incarceration under R.C. 2929.14(C), it thereafter is not required to justify its reasons for imposing more than the minimum term of incarceration, in spite of the offender's status as an offender who previously had not served a prison term."); State v. Sherman (May 20, 1999), Cuyahoga App. No. 74297, unreported ("Because we have already found that the trial court did not err in imposing the maximum sentence pursuant to R.C. 2929.14(C), we need not address R.C. 2929.14(B) as its express language renders it inapplicable.").
This notion of construing R.C. 2929.14(B) and (C) independently has also been decreed by other appellate districts. See, e.g., State v.Jackson (August 20, 1999), Hamilton App. No. C-980512, unreported; Statev. Phipps (Feb. 25, 1999), Allen App. No. 1-98-69, unreported. As the First Appellate District stated in Jackson, supra:
 Although this court's previous decisions may have suggested that a trial court's failure to make the findings required by R.C. 2929.14(B) and (C) when imposing a maximum term of imprisonment upon an offender who had not previously served a prison term amounted to reversible error,n1 in light of the express language of R.C. 2929.14(B), which renders the section inapplicable where an offender is sentenced to a maximum prison term under R.C. 2929.14(C), we must clarify these earlier pronouncements.n2 We now hold that where an offender who has not previously served a prison term is sentenced to a maximum term of imprisonment, where the imposition of that sentence is accompanied by the requisite finding under R.C. 2929.14(C), and where that finding is supported by the record, the trial court need not also make a separate finding under 2929.14(B) to justify its imposition of more than the minimum term of imprisonment.n3 Accordingly, in the instant case, the trial court's failure to make any verbal or written findings relative to R.C. 2929.14(B) did not amount to error given that the trial court's imposition of the maximum prison term was accompanied by a finding under R.C. 2929.14(C) that Jackson had committed the worst form of the offense, and given that the record supported this finding.
Accordingly, I concur with the majority in the instant appeal, but our decision should not be interpreted as agreement with the premise in Turner I that a sentencing court must comply with both R.C. 2929.14(B) and (C) before imposing a maximum sentence.